## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID JACKSON and LOREE JACKSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-24-5-D |
| | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## <u>ORDER</u>

Before the Court is Plaintiffs' Motion to Compel Deposition of Derek VanDorn [Doc. No. 61], requesting a continuation of Mr. VanDorn's deposition into a second day. Defendant filed a response in opposition [Doc. No. 62], and Plaintiffs filed a reply [Doc. No. 64]. The matter is fully briefed and at issue.

In their motion, Plaintiffs represent that their counsel deposed Mr. VanDorn—Defendant's only expert witness—on May 20, 2025. The deposition began at approximately 10:00 a.m. and ended at 5:00 p.m., with comfort breaks and a 49-minute lunch break. Plaintiffs' counsel also requested that Mr. VanDorn review an article off-the-record, which resulted in a 46-minute break.[1] Attached to Plaintiffs' motion is the Affidavit of Samantha Karniewicz [Doc. No. 61-1], the videographer for the deposition, providing that the run-time for Mr. VanDorn's deposition was 4 hours, 53 minutes.

---

[1] Plaintiffs' counsel is not sure how much of the 46-minute break was used by Mr. VanDorn to review the article versus consulting with defense counsel.

According to Plaintiffs, Defense counsel ended the deposition at 5:00 p.m. and did not agree to continue the deposition into a second day on the grounds that depositions are limited to one day of seven hours. *See* FED. R. CIV. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.").

Defendant opposes the continuation of Mr. VanDorn's deposition for three main reasons. First, pursuant to the Court's Local Civil Rules, depositions shall not extend past 5:00 p.m. without an agreement among counsel or court order.[2] Defendant also contends that Mr. VanDorn's expert file is not complex or voluminous, consisting mostly of pictures of Plaintiffs' roof. Defendant further asserts that if Plaintiffs' counsel did not have sufficient time to depose Mr. VanDorn, it was a result of their own conduct, such as choosing a start time of 10:00 a.m., taking a longer lunch than Defendant's counsel had proposed, and requesting that Mr. VanDorn read a 16-page article that could have been provided before the deposition.

The Court acknowledges that depositions are limited to 1 day of 7 hours, *see* FED. R. CIV. P. 30(d)(1), and that the Court's Local Rules provide that depositions shall not

---

[2] "No deposition shall extend beyond 5:00 p.m. … without an agreement in writing signed by all interested attorneys or acknowledged on the record by all interested attorneys or an order of the court. Extensions of this time shall be freely given in the event of obstructive or uncooperative conduct on the part of the witness or opposing counsel, or otherwise in the interests of justice." LCvR30.1(b).

extend beyond 5:00 p.m. "without an agreement in writing signed by all interested parties or acknowledged on the record by all interested attorneys or an order of the court." LCvR30.1(b). However, these rules clearly contemplate counsel working together to resolve these types of issues, and the Court expects them to do so. To be clear, the Court finds that both counsel in this case acted too inflexibly with respect to Mr. VanDorn's deposition. If Plaintiffs' counsel *demanded* an additional day of testimony, such a demand does not appreciate the fact that counsel must agree to extend a deposition beyond 5:00 p.m. *See* LCvR30.1(b). On the other hand, especially considering the parties' prior course of conduct to conclude depositions around 5:30 p.m. and extend into a second day where appropriate [Doc. No. 64, at 2-3], the Court would have expected that counsel could have amicably resolved this issue without Court intervention.

Under these circumstances, the Court finds that Plaintiffs should be permitted to conduct a brief continuation of Mr. VanDorn's deposition. Mr. VanDorn is Defendant's only expert witness in this case. As Plaintiffs point out, at Mr. VanDorn's May 20 deposition, he referred to documents which were not produced by Defendant until June 5, 2025. And although Plaintiffs' motion to compel was not filed until after the discovery period had closed, the parties had agreed to take Mr. VanDorn's deposition outside the discovery window. Thus, any issues stemming from Mr. VanDorn's deposition would have had to be resolved after the close of discovery, regardless of any delay by Plaintiffs' counsel.

For these reasons, Plaintiffs' Motion to Compel Deposition of Derek VanDorn [Doc. No. 61] is **GRANTED in part**. Plaintiffs' counsel may continue Mr. VanDorn's deposition,

which continuation shall be limited to two hours. The parties shall bear their own fees and

expenses in connection with this motion.

      **IT IS SO ORDERED** this 19th day of September, 2025.

                           TIMOTHY D. DeGIUSTI
                           Chief United States District Judge